UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALEKSANDR L. YUFA,

    Plaintiff,

    v.

PARTICLE MEASURING SYSTEMS, INC.,

    Defendant.
_____/

No. C 09-1388 PJH

**ORDER RE MOTION TO DISMISS**

    Before the court is defendant Particle System Inc.'s motion to dismiss for failure to state a claim. Defendant argues that claims 1-5 of U.S. Patent No. 6,346,983 ("the '983 patent" or the "patent-in-suit") were cancelled during reexamination, and are no longer valid and enforceable. To the extent that plaintiff's complaint alleges infringement of these claims of the patent-in-suit, the motion to dismiss is GRANTED.

    However, defendant also argues that plaintiff should be precluded from asserting a cause of action for infringement of claims 6-8 of the patent-in-suit, which do remain valid and enforceable. Essentially, defendant argues that plaintiff should have alleged infringement of those claims when he filed his complaint, and further argues that its accused products do not infringe because "claims 6, 7, and 8 do not relate to methods or an apparatus using 'wireless communication.'" Dkt. 49 at 2. As to the first argument, the court notes that plaintiff was not obligated to identify any asserted claims until the serving of infringement contentions, which has not yet occurred. Thus, even though plaintiff's complaint specifically names claims 1-5 as being infringed, he did not waive the right to assert additional claims in his infringement contentions. Second, to the extent that defendant argues that its products do not infringe, those arguments are premature at the pleading stage of the case, and will likely continue to be premature until after the claims

have been construed. Finally, to the extent that plaintiff delayed in seeking to amend his complaint, such delay is attributable to the fact that this case has been stayed since August 2009, and not to any dilatory action on the part of plaintiff. For those reasons, the court DENIES defendant's motion to the extent that it seeks dismissal of any claim of infringement as to claims 6-8 of the patent-in-suit. That said, however, the first amended complaint ("FAC") is hardly a model of clarity and while it does specifically identify cancelled claims 1-5, it only vaguely refers to "other claims" that might also be infringed. Additionally, although the complaint is styled as one for patent infringement, it is not clear whether plaintiff is also attempting to assert some sort of common law cause of actions as well.

Accordingly, the court ORDERS plaintiff to file a second amended complaint ("SAC") in accordance with this order. The SAC shall clearly delineate and number all asserted causes of action in separate paragraphs (e.g., "first cause of action," "second cause of action," etc.), and must allege facts supporting each cause of action. No new parties may be added without leave of court. Additionally, although identification of asserted claims would normally wait until the preparation of infringement contentions, in view of the confusion presented by the FAC and the delay already incurred in this case, the SAC shall identify the claims currently being asserted by plaintiff as infringed by defendant. The SAC shall be filed by **June 7, 2013** and defendant shall have until **June 28, 2013** to answer or otherwise respond to the complaint.

**IT IS SO ORDERED.**

Dated: May 7, 2013

PHYLLIS J. HAMILTON
United States District Judge