United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEKSANDR L. YUFA,<br><br>    Plaintiff,<br><br>    v.<br><br>PARTICLE MEASURING SYSTEMS, INC.,<br><br>    Defendant. | Case No. 09-cv-01388-PJH<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 118 |

    Before the court is defendant Particle Measuring Systems, Inc.'s ("PMS") motion to dismiss. Defendant filed its motion to dismiss on February 23, 2019. Dkt. No. 118. Pro se plaintiff Aleksandr L. Yufa did not file an opposition, and the deadline to do so has now passed. Similarly, PMS did not file a reply by its deadline to do so. The court finds this matter suitable for decision without oral argument. Having read PMS' motion, and carefully considered the relevant arguments and legal authority, and good cause appearing, the court hereby GRANTS defendant's motion to dismiss.

    Plaintiff's Third Amended Complaint accuses PMS of infringing on U.S. Patent No. 6,346,983 ("the '983 Patent" or the "patent-in-suit"). Dkt. No. 59.

    The '983 Patent, as well as other patents previously owned by Yufa, was also the subject of a parallel infringement-related litigation in <u>Yufa v. TSI</u>, 09-1315 KAW (N.D. Cal.) (henceforth, "<u>TSI</u>"), presided over by Magistrate Judge Westmore. In that action, the defendant, TSI, eventually obtained a monetary judgment against Yufa. <u>TSI</u>, Dkt. Nos. 176-177, 205. After additional litigation, Judge Westmore appointed a receiver and compelled Yufa to assign seven of his patents, including the patent-in-suit, to the

receiver, so that the patents could be sold to satisfy TSI's judgment against Yufa. TSI, Dkt. Nos. 240, 295, 299. On December 20, 2018, TSI was the winning bidder in the receiver-conducted auction. TSI, Dkt. No. 303 ¶ 9. On February 20, 2019, Judge Westmore entered an order confirming the sale and assignment of the patents, including the patent-in-suit, to TSI. TSI, Dkt. No. 305. The TSI court specifically noted that Yufa "did not oppose the confirmation of the [r]eceiver's sale of the patents" or any other substantive part of the motion. See TSI, Dkt. Nos. 304-05.

The court had previously stayed this action pending the TSI court's resolution of TSI's motion to confirm the receiver's sale of the patents. Dkt. No. 117. As that motion is now resolved, the court hereby LIFTS the stay entered on February 4, 2019.

PMS now moves to dismiss this suit with prejudice, arguing that because Yufa no longer owns the patent-in-suit, he cannot maintain this infringement action.

A motion under Federal Rule of Civil Procedure 12(b)(1) challenges the court's jurisdiction to hear a case. Standing challenges can be "facial" or "factual." White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). When challenged, the party opposing the motion bears the burden of establishing jurisdiction. A10 Networks, Inc. v. Brocade Commcn's Sys., Inc., No. 11–CV–05493, 2012 WL 1932878, at *2 (N.D. Cal. May 29, 2012).

"To establish standing under Article III, a plaintiff must demonstrate, inter alia, that it has suffered an injury in fact. Constitutional injury in fact occurs when a party infringes a patent in violation of a party's exclusionary rights." Drone Techs., Inc. v. Parrot S.A., 838 F.3d 1283, 1292 (Fed. Cir. 2016) (omitting quotation marks). That is, "[c]onstitutional standing in a patent case generally requires ownership of the patent." Seoul Laser Dieboard Sys. Co. v. Serviform, S.r.l., 957 F. Supp. 2d 1189, 1194 (S.D. Cal. 2013).

Here, it is undisputed that Yufa no longer owns the patent-in-suit. And Yufa has not asserted or provided any other reason why he believes he retains some exclusionary right derived from the patent-in-suit. Indeed, any such assertion would be contrary to Judge Westmore's order granting TSI's motion to confirm the sale of the patents to TSI— a motion Yufa did not oppose. See TSI, Dkt. No. 305 ("The [r]eciever's sale of" the '983 Patent "including the rights to all past damages . . . is hereby confirmed;" "[t]he [r]eceiver shall assign all rights, title, and interest" in the '983 Patent "to TSI"). Accordingly, because Yufa does not own the patent-in-suit and retains no continuing interest in that patent, he has not suffered an injury in fact and lacks constitutional standing to maintain this patent infringement action.

For the foregoing reasons, the court GRANTS PMS' motion to dismiss and DISMISSES this action with prejudice because the court lacks subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: April 3, 2019

PHYLLIS J. HAMILTON
United States District Judge